1 | DAVID A. MAKMAN SBN178195
2 | MAKMAN & MATZ LLP
  | 655 MARINERS ISLAND BLVD STE 306
  | SAN MATEO, CA 94404
3 | TEL.: 650-242-1560
  | E-MAIL: david@makmanmatz.com
4
5
6
7
8                UNITED STATES DISTRICT COURT
9                CENTRAL DISTRICT OF CALIFORNIA
10
11
12 | DR. JOSEPH NEEV,
13 |     v.                          Case No. SACV 14-00660 GHK (JEMx)
14 | ALCON LENSX, INC.,
15                                   NOTICE OF APPEAL
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF APPEAL
SACV 14-00660 GHK (JEMx)                    1

TO THIS HONORABLE COURT, ITS STAFF, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that **Dr. Joseph Neev**, hereby appeals to the United States Court of Appeal for the Federal Circuit from the Court's July 8, 2015 Order re: Request for an Indicative Ruling on Evident Partiality. A true and correct copy of the Order is attached hereto as **Exhibit A**.

Respectfully submitted,

Dated: July 8, 2015

*David Alan Makman*
David Alan Makman
Makman & Matz LLP

(JEMx),APPEAL,CLOSED,DISCOVERY

# UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
# CIVIL DOCKET FOR CASE #: 8:14-cv-00660-GHK-JEM

| | |
|---|---|
| Dr. Joseph Neev v. Alcon Lensx, Inc. | Date Filed: 04/28/2014 |
| Assigned to: Judge George H. King | Date Terminated: 02/09/2015 |
| Referred to: Magistrate Judge John E. McDermott | Jury Demand: None |
| Case in other court: Federal, 15-01422 | Nature of Suit: 896 Other Statutes: Arbitration |
| Cause: 09:0010 Petition to Vacate Arbitration Award | Jurisdiction: Federal Question |

**Petitioner**

**Dr. Joseph Neev**  represented by  **David A Makman**
Makman and Matz LLP
655 Mariners Island Boulevard Suite 306
San Mateo, CA 94404
650-242-1560
Fax: 415-777-8638
Email: david@makmanmatz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**Alcon Lensx, Inc.**  represented by  **Eric Martin Acker**
Morrison & Foerster
12531 High Bluff Drive
San Diego, CA 92130-2040
858-720-5100
Fax: 858-720-5125
Email: eacker@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mary Prendergast**
Morrison and Foerster LLP
12531 High Bluff Drive Suite 100
San Diego, CA 92130
858-720-5100
Fax: 858-720-5125

Email: mprendergast@mofo.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/28/2014 | 1 | DR. JOSEPH NEEV'S PETITION To Vacate Award of Arbitrator Pursuant to 9 U.S.C.§§ 9 and 10 and Memorandum of Points and Authorities filed against Alcon Lensx, Inc. (Filing fee $ 400 PAID), filed by Petitioner Joseph Neev. (car) (mg). (Main Document 1 replaced on 5/1/2014) (mg). (Additional attachment(s) added on 5/1/2014: # 1 Civil Cover Sheet) (mg). (Entered: 05/01/2014) |
| 04/28/2014 | 2 | DECLARATION of David A. Makman In Support of Dr. Joseph Neev's Petition To Vacate Award of Arbitrator 1 (car) (Additional attachment(s) added on 5/1/2014: # 1 Part 1, # 2 Part 2, # 3 Part 3) (mg). (Entered: 05/01/2014) |
| 04/28/2014 | 3 | 21 DAY Summons Issued re Petition 1 as to Respondent Alcon Lensx, Inc. (car) Modified on 5/1/2014 (car). (Entered: 05/01/2014) |
| 04/28/2014 | 4 | CERTIFICATE AND NOTICE of Interested Parties filed by Petitioner Joseph Neev. (car) (mg). (Entered: 05/01/2014) |
| 05/08/2014 | 5 | NOTICE of Appearance filed by attorney Eric Martin Acker on behalf of Respondent Alcon Lensx, Inc. (Attorney Eric Martin Acker added to party Alcon Lensx, Inc.(pty:res))(Acker, Eric) (Entered: 05/08/2014) |
| 05/09/2014 | 6 | NOTICE of Appearance filed by attorney Mary Prendergast on behalf of Respondent Alcon Lensx, Inc. (Attorney Mary Prendergast added to party Alcon Lensx, Inc.(pty:res))(Prendergast, Mary) (Entered: 05/09/2014) |
| 05/13/2014 | 7 | ORDER RE: CASE MANAGEMENT (SPECIAL REQUIREMENTS) -READ IMMEDIATELY by Judge George H. King (lc) (Entered: 05/13/2014) |
| 05/14/2014 | 8 | PROOF OF SERVICE Executed by Petitioner Joseph Neev, upon Respondent Alcon Lensx, Inc. served on 4/29/2014, answer due 5/20/2014. Service of the Summons and Complaint were executed upon Becky DeGrourge, CSC Lawyer's Incorporative Service, Registered Agent for Service of Process in compliance with Federal Rules of Civil Procedure by personal service. Original Summons NOT returned. (Makman, David) (Entered: 05/14/2014) |
| 05/20/2014 | 9 | *Opposition and* ANSWER to Petition (case opening), 1 *to Vacate* filed by respondent Alcon Lensx, Inc.. (Attachments: # 1 Affidavit Acker, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Acker, Eric) (Entered: 05/20/2014) |
| 05/20/2014 | 10 | NOTICE of Interested Parties filed by Respondent Alcon Lensx, Inc., identifying Alcon Laboratories, Inc., and Novartis AG. (Acker, Eric) (Entered: 05/20/2014) |
| 05/27/2014 | 11 | REPLY filed by Petitioner Joseph Neev to Petition (case opening), 1 *Reply in Support of Petition* (Makman, David) (Entered: 05/27/2014) |
| 08/05/2014 | 12 | |

|  |  | MINUTE IN CHAMBERS Order re: Dr. Joseph Neev's Petition to Vacate Award of Arbitrator 1 by Judge George H. King: The Parties are hereby ORDERED to meet and confer in good faith regarding whether the arbitration award should be confirmed or vacated. After meeting and conferring, the parties SHALL file a joint brief of no more than 50 pages, divided evenly between the Parties, that addresses the relevant issues. The Parties SHALL work cooperatively to create a single, fully integrated joint brief that includes all relevant arguments and authorities. Because the Parties may make revisions of their sections throughout the joint briefing process, the Joint Brief shall not contain any reply sections. The Joint Brief SHALL be noticed as a regular motion in full compliance with our Case Management Order and the Local Rules. (jp) (Entered: 08/05/2014) |
|---|---|---|
| 10/17/2014 | 13 | NOTICE OF MOTION AND Joint MOTION for Consideration of Dr. Joseph Neev Petition to Vacate Arbitration Award; Alcon LenSx, Inc. Motion to Confirm Arbitration Award filed by Respondent Alcon Lensx, Inc.. Motion set for hearing on 12/8/2014 at 09:30 AM before Judge George H. King. (Attachments: # 1 Memorandum, # 2 Appendix, # 3 Exhibit JX 01, # 4 Exhibit JX 02, # 5 Exhibit JX 03, # 6 Exhibit JX 04, # 7 Exhibit JX 05, # 8 Exhibit JX 06, # 9 Exhibit JX 07, # 10 Exhibit JX 08, # 11 Exhibit JX 09, # 12 Exhibit JX 10, # 13 Exhibit JX 11, # 14 Exhibit JX 12, # 15 Exhibit JX 13, # 16 Exhibit JX 14, # 17 Proposed Order Alcon LenSx, Inc., # 18 Proposed Order Dr. Joseph Neev)(Acker, Eric) (Entered: 10/17/2014) |
| 12/04/2014 | 14 | MINUTES (IN CHAMBERS) ORDER by Judge George H. King: On the court's own motion, Joint Motion for Determination re: Petition to Vacate Arbitration Award by Plaintiff, and Motion to Confirm Arbitration Award by Defendant 13 , noticed for hearing on DECEMBER 8, 2014, are TAKEN OFF CALENDAR and will be taken UNDER SUBMISSION without oral argument on that date pursuant to Local Rule 7-15. No appearance by counsel shall be necessary. The hearing date is vacated. Further briefing, if any, shall be filed in accordance with Local Rules as if the noticed hearing date had not been vacated. (pso) (Entered: 12/04/2014) |
| 02/09/2015 | 15 | MINUTES (In Chambers) Order re: Joint Notice of Motion for Determination Regarding Dr. Neev's Petition to Vacate Arbitration Award; LenSx's Motion to Confirm Arbitration Award 13 by Judge George H. King. For the foregoing reasons, Petitioner's Motion to Vacate is DENIED. The arbitration award isCONFIRMED. (lom) (Entered: 02/10/2015) |
| 02/09/2015 | 16 | JUDGMENT by Judge George H. King. Pursuant to the Court's February 9, 2015 Order, IT IS HEREBY ADJUDGED that the Partial Final Award entered on January 29, 2014 and the Final Award entered on March 26, 2014 in JAMS Arbitration No. 1200046131 are hereby CONFIRMED. Respondent shall have judgment in the amount of $65,310.39, with interest at the rate of 3 percent perannum commencing on November 1, 2013, in conformity with this Order and the confirmed Final Award. (MD JS-6, Case Terminated). (lom) (Entered: 02/10/2015) |
| 02/24/2015 | 17 | NOTICE OF MOTION AND MOTION for Stay of Execution Pending Appeal filed by Petitioner Joseph Neev. Motion set for hearing on 4/6/2015 at 09:30 |

| | | |
|---|---|---|
| | | AM before Judge George H. King. (Attachments: # 1 Proposed Order Granting Stay)(Makman, David) (Entered: 02/24/2015) |
| 02/25/2015 | 18 | NOTICE TO FILER OF DEFICIENCIES in Electronically Filed Documents RE: Motion for Stay of Execution of Judgment 17 . The following error(s) was found: Other error(s) with document(s) are specified below: Caption of attached document does not indicate noticed hearing date and time. In response to this notice the court may order (1) an amended or correct document to be filed (2) the document stricken or (3) take other action as the court deems appropriate. You need not take any action in response to this notice unless and until the court directs you to do so. (bm) (Entered: 02/25/2015) |
| 03/02/2015 | 19 | RESPONSE BY THE COURT TO NOTICE TO FILER OF DEFICIENCIES IN ELECTRONICALLY FILED DOCUMENTS 18 RE: Motion for Stay of Execution of Judgment 17 by Clerk of Court. The document is accepted as filed. (bm) (Entered: 03/02/2015) |
| 03/04/2015 | 20 | NOTICE OF APPEAL to the Federal Circuit filed by Petitioner Joseph Neev. Appeal of Order on Motion for Consideration, 15 , Judgment,, 16 (Appeal fee of $505 receipt number 0973-15316950 paid.) (Attachments: # 1 Exhibit A Order, # 2 Exhibit B Judgment)(Makman, David) (Entered: 03/04/2015) |
| 03/05/2015 | | TRANSMISSION of the Notice of Appeal, Docket Sheet, Judgment and or order e-mailed to the US Court of Appeals for the Federal Circuit re: Notice of Appeal to Federal Circuit Court of Appeals 20 . (mat) (Entered: 03/05/2015) |
| 03/09/2015 | 21 | NOTIFICATION by Circuit Court of Appellate Docket Number 15-1422, Federal regarding Notice of Appeal to Federal Circuit Court of Appeals 20 as to Petitioner Joseph Neev. (mat) (Entered: 03/11/2015) |
| 03/16/2015 | 22 | NOTICE OF NON-OPPOSITION to MOTION for Stay of Execution Pending Appeal 17 filed by Respondent Alcon Lensx, Inc.. (Acker, Eric) (Entered: 03/16/2015) |
| 03/27/2015 | 23 | ORDER by Judge George H. King, re MOTION for Stay of Execution Pending Appeal 17 . On the court's own motion, Plaintiffs Motion for Stay of Execution of Judgment Pending Appeal Without Bond 17 , noticed for hearing on APRIL 6, 2015, is TAKEN OFF CALENDAR and will be taken UNDER SUBMISSION without oral argument on that date pursuant to Local Rule 7-15. No appearance bycounsel shall be necessary. The hearing date is vacated. Further briefing, if any, shall be filed in accordance with Local Rules as if the noticed hearing date had not been vacated. (dgon) (Entered: 03/27/2015) |
| 03/31/2015 | 24 | ORDER GRANTING DR. JOSEPH NEEV'S UNOPPOSED MOTION FOR STAY OF EXECUTION OF JUDGMENT PENDING APPEAL WITHOUT BOND by Judge George H. King granting 17 Motion for Stay of Execution: NOTE CHANGES MADE BY THE COURT. The Court, for good cause shown, GRANTS Dr. Neev's un-opposed motion. Execution of Judgment shall be stayed pending appeal, and no supersedeas bond is required. (bm) (Entered: 04/01/2015) |
| 05/28/2015 | 25 | NOTICE OF MOTION AND MOTION for Order for Request for Indicative Ruling of Evident Partiality *Pursuant to FRCP 62.1* filed by Petitioner Joseph |

| | | |
|---|---|---|
| | | Neev. Motion set for hearing on 6/29/2015 at 09:30 AM before Judge George H. King. (Attachments: # 1 Proposed Order, # 2 Declaration of David A. Makman in Support of Request for Indicative Ruling, # 3 Exhibit 1 to Makman Declaration, # 4 Exhibit 2 to Makman Declaration, # 5 Exhibit 3 to Makman Declaration, # 6 Exhibit 4 to Makman Declaration, # 7 Exhibit 5 to Makman Declaration, # 8 Exhibit 6 to Makman Declaration, # 9 Declaration of Dr. Neev in Support of Request for Indicative Ruling)(Makman, David) (Entered: 05/28/2015) |
| 06/08/2015 | 26 | OPPOSITION re: MOTION for Order for Request for Indicative Ruling of Evident Partiality *Pursuant to FRCP 62.1* 25 filed by Respondent Alcon Lensx, Inc.. (Attachments: # 1 Declaration of Eric M. Acker in Support of Alcon Lensx, Inc.'s Opposition to Dr. Joseph Neev's Request for an Indicative Ruling on Evident Partiality, # 2 Exhibit A to Acker Declaration, # 3 Exhibit B to Acker Declaration, # 4 Exhibit C to Acker Declaration, # 5 Exhibit D to Acker Declaration, # 6 Exhibit E to Acker Declaration, # 7 Exhibit F to Acker Declaration, # 8 Exhibit G to Acker Declaration, # 9 Exhibit H to Acker Declaration, # 10 Exhibit I to Acker Declaration, # 11 Declaration of Geoff D. Biegler in Support of Alcon Lensx, Inc.'s Opposition to Dr. Joseph Neev's Request for an Indicative Ruling on Evident Partiality, # 12 Declaration of Liz Cerasuolo in Support of Alcon Lensx, Inc.'s Opposition to Dr. Joseph Neev's Request for an Indicative Ruling on Evident Partiality, # 13 Declaration of Roger D. Feldman in Support of Alcon Lensx, Inc.'s Opposition to Dr. Joseph Neev's Request for an Indicative Ruling on Evident Partiality, # 14 Declaration of Gergely Zimanyi in Support of Alcon Lensx, Inc.'s Opposition to Dr. Joseph Neev's Request for an Indicative Ruling on Evident Partiality)(Acker, Eric) (Entered: 06/08/2015) |
| 06/15/2015 | 27 | REPLY In Support of Motion MOTION for Order for Request for Indicative Ruling of Evident Partiality *Pursuant to FRCP 62.1* 25 filed by Petitioner Joseph Neev. (Attachments: # 1 Declaration Makman DECL, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E)(Makman, David) (Entered: 06/15/2015) |
| 06/25/2015 | 28 | MINUTES (IN CHAMBERS) ORDER by Judge George H. King taking under submission 25 for An Indicative Ruling of Evident Partiality: On the court's own motion, Petitioners Motion for An Indicative Ruling on Evident Partiality 25 , noticed for hearing on JUNE 29, 2015, is TAKEN OFF CALENDAR and will be taken UNDER SUBMISSION without oral argument on that date pursuant to Local Rule 7-15. No appearance by counsel shall be necessary. The hearing date is vacated. Further briefing, if any, shall be filed in accordance with Local Rules as if the noticed hearing date had not been vacated. (bm) (Entered: 06/25/2015) |
| 07/02/2015 | 29 | MINUTES (IN CHAMBERS) re: Request for an Indicative Ruling on Evident Partiality (Dkt. 25) by Judge George H. King denying 25 MOTION: For the foregoing reasons, Petitioner's Request for an Indicative Ruling is DENIED. (see document for further details) (bm) (Entered: 07/02/2015) |
| 07/08/2015 | 30 | NOTICE OF APPEAL to the Federal Circuit filed by Petitioner Joseph Neev. Appeal of Order on Motion for Order, 29 (Appeal fee of $505 receipt number |

|  |  | 0973-16050871 paid.) (Attachments: # 1 Exhibit A)(Makman, David) (Entered: 07/08/2015) |
| --- | --- | --- |
| 07/09/2015 |  | TRANSMISSION of the Notice of Appeal, Docket Sheet, Judgment and or order e-mailed to the US Court of Appeals for the Federal Circuit re: Notice of Appeal 30 . (mat) (Entered: 07/09/2015) |

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Request for an Indicative Ruling on Evident Partiality (Dkt. 25)

This matter is before us on the above-captioned Request. We have considered the papers filed in support of and in opposition to the Request and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

In early 2014, Respondent Alcon LenSx, Inc. ("Respondent") prevailed over Petitioner Dr. Joseph Neev ("Petitioner") in an arbitration dispute concerning a patent licensing agreement. (Dkt. 13, Ex. 8 at 20.) On April 28, 2014, Petitioner filed the instant action to vacate the arbitration award. (Dkt. 1.) On February 9, 2015, we concluded that Petitioner had failed to demonstrate that the arbitrator, the Hon. James M. Rosenbaum, exceeded his power, and entered a judgment in Respondent's favor. (Dkts. 15, 16.) On March 4, 2015, Petitioner appealed to the Federal Circuit. (Dkt. 20.)

On May 28, 2015, Petitioner filed this Request, seeking an indicative ruling on a motion for relief from judgment.[1] As set forth in Federal Rule of Civil Procedure 62.1:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

---

[1] Petitioner does not specify exactly what the grounds for relief would be under Rule 60(b), but he appears to be seeking relief based on "newly discovered evidence." *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . .").

| CV-90 (06/04) | **CIVIL MINUTES - GENERAL** | Page 1 of 4 |
|---|---|---|

Case 8:14-cv-00660-GHK-JEM Document 32-1 Filed 07/13/2015 Page 10 of 15 Page ID #:1238
Case 15-1821 Document 22 Page 70 Filed 07/13/2015

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc.* | | |

  Petitioner claims to have uncovered evidence of evident partiality warranting vacatur of the arbitration award. *See* 9 U.S.C. § 10 (stating that a court may vacate an arbitration award "where there was evident partiality . . . in the arbitrators"). To vacate an arbitration award on this ground, the party challenging the award "either must establish specific facts indicating actual bias toward or against a party or show that [the arbitrator] failed to disclose to the parties information that creates a reasonable impression of bias." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645-46 (9th Cir. 2010);[2] *see also Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 150 ("This rule of arbitration and this canon of judicial ethics rest on the premise that any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias."). "[V]acatur of an arbitration award is not required simply because an arbitrator failed to disclose a matter of some interest to a party." *Lagstein*, 607 F.3d at 646. The arbitrator must disclose only those "facts indicating that [the arbitrator] might reasonably be thought biased against one litigant and favorable to another." *Id.* "[C]laims of evident partiality based on long past, attenuated, or insubstantial connections between a party and an arbitrator" are insufficient. *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1110 (9th Cir. 2007). Evidence of an arbitrator's actual knowledge of undisclosed facts is not required to establish evident partiality. This is because arbitrators have a duty to investigate potential conflicts "where the arbitrator has reason to believe that a nontrivial conflict of interest might exist." *See id.* at 1109 (quoting *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132 (2d Cir. 2007)).

  Petitioner does not claim to have evidence of actual bias by Judge Rosenbaum; rather, he claims to have found information that creates a reasonable impression of bias. Specifically, Petitioner contends that Respondent and Judge Rosenbaum have an undisclosed relationship through the law firm Fish & Richardson ("F&R"). For the reasons set forth below, we find that Petitioner's evidence fails to establish that there was any relationship requiring disclosure.

  As an initial matter, the evidence of a connection between Respondent and F&R is weak. F&R does not represent Respondent in this matter nor did it participate in the arbitration. Petitioner claimed in his moving papers that F&R is actively representing Respondent in other patent matters and that it was corporate counsel for LenSx, Inc. ("LenSx"), Respondent's predecessor-in-interest, when the licensing agreement at the center of this arbitration was negotiated. After Respondent presented evidence in its Opposition showing that this was largely untrue, Petitioner has backed down to the more limited claim that F&R was "involved in the original contract negotiations with LenSx" and was "an authorized representative" of Respondent in other patent prosecutions at the same time when the dispute over the licensing agreement first arose. (Reply at 9.) However, according to declarations from both F&R's General Counsel and a Senior Patent Agent for Respondent, F&R and Respondent have had no

---

  [2] Though this case has been appealed to the Federal Circuit because it involves certain patent issues, we apply Ninth Circuit law because the Federal Circuit generally applies "the law of the regional circuit to which the district court appeal normally lies unless the issue pertains to or is unique to patent law." *See Flex Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed. Cir. 2001). Neither Party argues that the issues raised in this Request pertain to or are unique to patent law.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc.* | | |

relationship whatsoever since February 2012. (Zimanyi Decl. at ¶ 9 ("Fish has not represented Alcon LenSx since February 2012, and Fish has not been involved in any patent prosecution or other work for any other Alcon entity."); Feldman Decl. at ¶ 4 ("Fish's records indicate that their matters [those between F&R and Respondent] were closed on February 8, 2012.").) In fact, the firm is now adverse to Respondent in several ongoing matters. (Feldman Decl. at ¶¶ 7-9.)

Petitioner's evidence of a relationship between F&R and Judge Rosenbaum is even less substantial. Petitioner's primary evidence is two webpages that he found on F&R's website. (Mot., Ex. 2.) These webpages are no longer publically accessible, but Petitioner presents copies of what they showed. On one page, there was a list of dozens of judges, including Judge Rosenbaum, Judge Carlos Bea, and Supreme Court Justice Samuel Alito. (*Id.*) There was no other text or information on the page and no obvious explanation for why these particular judges were listed together. The other webpage that Petitioner found showed just Judge Rosenbaum's name ("James A. Rosenbaum") with a link to download a vCard (a kind of electronic business card). (*Id.*) There was no other text or information on the page. The vCard was largely blank, with no contact information, but it listed "Fish & Richardson" as the "Company" for "James M. Rosenbaum." (*Id.*)

Based on these pages, Petitioner surmises that there is a relationship between Judge Rosenbaum and F&R. Petitioner does not explain the nature of the alleged relationship with much specificity, but he does not appear to contend that Judge Rosenbaum, or any of the other judges on the list, might be employed by F&R. Rather, Petitioner seems to suggest that there is a social connection between Judge Rosenbaum and the firm. In particular, Petitioner suggests that current F&R attorney Geoff Biegler is acquainted with Judge Rosenbaum and may even have been one of his law clerks. In support of this theory, Petitioner points to the following: (1) Judge Rosenbaum recused himself from two cases in which Biegler appeared as an attorney for F&R, (2) Biegler and Judge Rosenbaum were both involved in the Minnesota Bar Association, as indicated by the fact their names both appear in a Minnesota Bar newsletter, (3) Biegler lives in southern California, where the arbitration took place, and (4) Judge Rosenbaum did not identify his former clerks during arbitration. (Makman Decl. at ¶¶ 6-7, Ex. 1.)

Petitioner's theory regarding Biegler is off-base. Respondent submitted a declaration from Biegler in which he avers that he did not clerk for Judge Rosenbaum nor does he know him socially. (Biegler Decl. at ¶ 11.) He also does not recall ever appearing before Judge Rosenbaum. (*Id.* at ¶ 9.) In the cases that Petitioner cites where Judge Rosenbaum recused himself, Biegler was not involved until after the case was assigned to a new judge. (*See* Makman Decl., Ex. 4 at Dkt. No. 16; *id.,* Ex. 5 at Dkt. No. at 34.) In fact, in one case, Biegler was still in law school when Judge Rosenbaum recused himself. (Biegler Decl. at ¶ 2.) As for their supposed connection through the Minnesota Bar, Biegler believes he "may" have attended a luncheon at which Judge Rosenbaum spoke, but he does not recall talking to him personally. (*Id.* at ¶ 12.)

Petitioner's theory that the webpages evince a relationship between Judge Rosenbaum and F&R is similarly undermined by a declaration from F&R's Director of Communications, Liz Cerasulo. (Cerasulo Decl. at ¶ 1.) According to Cerasulo, the list of judges is an "internal marketing department tool"; the judges listed are ones that the firms' attorneys have appeared before. (*Id.* at ¶ 2.) A third-

Case 8:14-cv-00660-GHK-JEM Document 132-1 Filed 07/28/15 Page 12 of 15 Page ID #:2340
Case 15-1821, Document 32, Filed 07/13/2015

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc.* | | |

party vendor working on the site created vCards for some of the judges without authorization. (*Id.* at ¶ 5.) There were never any internal links on the F&R website to these webpages. (*Id.* at ¶ 8.) The firm did not even realize they could be found through a search engine until Respondent contacted the firm regarding this matter. (*Id.*)

Petitioner makes no effort to dispute any of the testimony from Biegler, Cerasulo, or anyone else. Instead he argues that it does not matter what evidence Respondent puts forth, because the webpages, when viewed in isolation, create a reasonable impression of bias by suggesting an association between Judge Rosenbaum and F&R and, by extension, Respondent. We disagree. First, we do not think it is reasonable, even in the absence of any other information, to conclude based on these webpages that F&R has a relationship with all of the listed judges—including a sitting U.S. Supreme Court Justice. Second, even if the webpages do suggest an association, vacature is warranted only where the undisclosed association is not trivial. *See Applied Indus. Materials Corp.*, 492 F.3d at 137 ("[A]rbitrators are not automatically disqualified by a business relationship with the parties before them if both parties are informed of the relationship in advance, *or if they are unaware of the facts but the relationship is trivial.*") (emphasis added). Without more, the fact that F&R listed Judge Rosenbaum on its website with an incomplete vCard suggests, at most, only a trivial connection between them. Given that Petitioner has no other evidence of an association between F&R and Judge Rosenbaum and that the evidence of a connection between F&R and Respondent is also weak, vacatur based on evident partiality is clearly unwarranted.[3]

For the foregoing reasons, Petitioner's Request for an Indicative Ruling is **DENIED**.[4]

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |

---

[3] In its Opposition, Respondent asks that we sanction Petitioner for bringing a frivolous motion. We decline to do so. There is insufficient evidence for us to find that Petitioner or his counsel filed this Request in bad faith or in a reckless manner.

[4] Petitioner asks, in the alternative, for an opportunity to conduct discovery on the relationship between Judge Rosenbaum, Respondent, and F&R. Petitioner's current evidence is not strong enough to suggest that discovery would be appropriate. Accordingly, the Request is **DENIED** on that ground as well.

Case 8:14-cv-00660-GHK-JEM Document 29 Filed 07/13/15 Page 1 of 4 Page ID #:1231
Case 15-1821    Document 22    Page: 13    Filed: 07/13/2015

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | July 2, 2015 |
|---|---|---|---|

| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc.* |
|---|---|

**Presiding: The Honorable**     **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

None    None

**Proceedings:**     **(In Chambers) Order re:** Request for an Indicative Ruling on Evident Partiality (Dkt. 25)

This matter is before us on the above-captioned Request. We have considered the papers filed in support of and in opposition to the Request and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

In early 2014, Respondent Alcon LenSx, Inc. ("Respondent") prevailed over Petitioner Dr. Joseph Neev ("Petitioner") in an arbitration dispute concerning a patent licensing agreement. (Dkt. 13, Ex. 8 at 20.) On April 28, 2014, Petitioner filed the instant action to vacate the arbitration award. (Dkt. 1.) On February 9, 2015, we concluded that Petitioner had failed to demonstrate that the arbitrator, the Hon. James M. Rosenbaum, exceeded his power, and entered a judgment in Respondent's favor. (Dkts. 15, 16.) On March 4, 2015, Petitioner appealed to the Federal Circuit. (Dkt. 20.)

On May 28, 2015, Petitioner filed this Request, seeking an indicative ruling on a motion for relief from judgment.[1] As set forth in Federal Rule of Civil Procedure 62.1:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

---

[1] Petitioner does not specify exactly what the grounds for relief would be under Rule 60(b), but he appears to be seeking relief based on "newly discovered evidence." *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . .").

Case 8:14-cv-00660-GHK-JEM Document 122 Filed 07/02/15 Page 2 of 4 Page ID #:1232
Case: 15-1821 Document: 22 Page: 14 Filed: 07/13/2015

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc.* | | |

  Petitioner claims to have uncovered evidence of evident partiality warranting vacatur of the arbitration award. *See* 9 U.S.C. § 10 (stating that a court may vacate an arbitration award "where there was evident partiality . . . in the arbitrators"). To vacate an arbitration award on this ground, the party challenging the award "either must establish specific facts indicating actual bias toward or against a party or show that [the arbitrator] failed to disclose to the parties information that creates a reasonable impression of bias." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 645-46 (9th Cir. 2010);[2] *see also Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 150 ("This rule of arbitration and this canon of judicial ethics rest on the premise that any tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias."). "[V]acatur of an arbitration award is not required simply because an arbitrator failed to disclose a matter of some interest to a party." *Lagstein*, 607 F.3d at 646. The arbitrator must disclose only those "facts indicating that [the arbitrator] might reasonably be thought biased against one litigant and favorable to another." *Id.* "[C]laims of evident partiality based on long past, attenuated, or insubstantial connections between a party and an arbitrator" are insufficient. *New Regency Prods., Inc. v. Nippon Herald Films, Inc.*, 501 F.3d 1101, 1110 (9th Cir. 2007). Evidence of an arbitrator's actual knowledge of undisclosed facts is not required to establish evident partiality. This is because arbitrators have a duty to investigate potential conflicts "where the arbitrator has reason to believe that a nontrivial conflict of interest might exist." *See id.* at 1109 (quoting *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132 (2d Cir. 2007)).

  Petitioner does not claim to have evidence of actual bias by Judge Rosenbaum; rather, he claims to have found information that creates a reasonable impression of bias. Specifically, Petitioner contends that Respondent and Judge Rosenbaum have an undisclosed relationship through the law firm Fish & Richardson ("F&R"). For the reasons set forth below, we find that Petitioner's evidence fails to establish that there was any relationship requiring disclosure.

  As an initial matter, the evidence of a connection between Respondent and F&R is weak. F&R does not represent Respondent in this matter nor did it participate in the arbitration. Petitioner claimed in his moving papers that F&R is actively representing Respondent in other patent matters and that it was corporate counsel for LenSx, Inc. ("LenSx"), Respondent's predecessor-in-interest, when the licensing agreement at the center of this arbitration was negotiated. After Respondent presented evidence in its Opposition showing that this was largely untrue, Petitioner has backed down to the more limited claim that F&R was "involved in the original contract negotiations with LenSx" and was "an authorized representative" of Respondent in other patent prosecutions at the same time when the dispute over the licensing agreement first arose. (Reply at 9.) However, according to declarations from both F&R's General Counsel and a Senior Patent Agent for Respondent, F&R and Respondent have had no

---

  [2] Though this case has been appealed to the Federal Circuit because it involves certain patent issues, we apply Ninth Circuit law because the Federal Circuit generally applies "the law of the regional circuit to which the district court appeal normally lies unless the issue pertains to or is unique to patent law." *See Flex Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1365 (Fed. Cir. 2001). Neither Party argues that the issues raised in this Request pertain to or are unique to patent law.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc.* | | |

relationship whatsoever since February 2012. (Zimanyi Decl. at ¶ 9 ("Fish has not represented Alcon LenSx since February 2012, and Fish has not been involved in any patent prosecution or other work for any other Alcon entity."); Feldman Decl. at ¶ 4 ("Fish's records indicate that their matters [those between F&R and Respondent] were closed on February 8, 2012.").) In fact, the firm is now adverse to Respondent in several ongoing matters. (Feldman Decl. at ¶¶ 7-9.)

      Petitioner's evidence of a relationship between F&R and Judge Rosenbaum is even less substantial. Petitioner's primary evidence is two webpages that he found on F&R's website. (Mot., Ex. 2.) These webpages are no longer publically accessible, but Petitioner presents copies of what they showed. On one page, there was a list of dozens of judges, including Judge Rosenbaum, Judge Carlos Bea, and Supreme Court Justice Samuel Alito. (*Id*.) There was no other text or information on the page and no obvious explanation for why these particular judges were listed together. The other webpage that Petitioner found showed just Judge Rosenbaum's name ("James A. Rosenbaum") with a link to download a vCard (a kind of electronic business card). (*Id*.) There was no other text or information on the page. The vCard was largely blank, with no contact information, but it listed "Fish & Richardson" as the "Company" for "James M. Rosenbaum." (*Id*.)

      Based on these pages, Petitioner surmises that there is a relationship between Judge Rosenbaum and F&R. Petitioner does not explain the nature of the alleged relationship with much specificity, but he does not appear to contend that Judge Rosenbaum, or any of the other judges on the list, might be employed by F&R. Rather, Petitioner seems to suggest that there is a social connection between Judge Rosenbaum and the firm. In particular, Petitioner suggests that current F&R attorney Geoff Biegler is acquainted with Judge Rosenbaum and may even have been one of his law clerks. In support of this theory, Petitioner points to the following: (1) Judge Rosenbaum recused himself from two cases in which Biegler appeared as an attorney for F&R, (2) Biegler and Judge Rosenbaum were both involved in the Minnesota Bar Association, as indicated by the fact their names both appear in a Minnesota Bar newsletter, (3) Biegler lives in southern California, where the arbitration took place, and (4) Judge Rosenbaum did not identify his former clerks during arbitration. (Makman Decl. at ¶¶ 6-7, Ex. 1.)

      Petitioner's theory regarding Biegler is off-base. Respondent submitted a declaration from Biegler in which he avers that he did not clerk for Judge Rosenbaum nor does he know him socially. (Biegler Decl. at ¶ 11.) He also does not recall ever appearing before Judge Rosenbaum. (*Id*. at ¶ 9.) In the cases that Petitioner cites where Judge Rosenbaum recused himself, Biegler was not involved until after the case was assigned to a new judge. (*See* Makman Decl., Ex. 4 at Dkt. No. 16; *id.*, Ex. 5 at Dkt. No. at 34.) In fact, in one case, Biegler was still in law school when Judge Rosenbaum recused himself. (Biegler Decl. at ¶ 2.) As for their supposed connection through the Minnesota Bar, Biegler believes he "may" have attended a luncheon at which Judge Rosenbaum spoke, but he does not recall talking to him personally. (*Id*. at ¶ 12.)

      Petitioner's theory that the webpages evince a relationship between Judge Rosenbaum and F&R is similarly undermined by a declaration from F&R's Director of Communications, Liz Cerasulo. (Cerasulo Decl. at ¶ 1.) According to Cerasulo, the list of judges is an "internal marketing department tool"; the judges listed are ones that the firms' attorneys have appeared before. (*Id*. at ¶ 2.) A third-

Case 8:14-cv-00660-GHK-JEM Document 22 Filed 07/13/15 Page 16 of 16 Page ID #:1234
Case 15-1821 Document 12 Page 7/16/15

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 14-0660-GHK (JEMx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Dr. Joseph Neev v. Alcon Lensx, Inc.* | | |

party vendor working on the site created vCards for some of the judges without authorization. (*Id.* at ¶ 5.) There were never any internal links on the F&R website to these webpages. (*Id.* at ¶ 8.) The firm did not even realize they could be found through a search engine until Respondent contacted the firm regarding this matter. (*Id.*)

Petitioner makes no effort to dispute any of the testimony from Biegler, Cerasulo, or anyone else. Instead he argues that it does not matter what evidence Respondent puts forth, because the webpages, when viewed in isolation, create a reasonable impression of bias by suggesting an association between Judge Rosenbaum and F&R and, by extension, Respondent. We disagree. First, we do not think it is reasonable, even in the absence of any other information, to conclude based on these webpages that F&R has a relationship with all of the listed judges—including a sitting U.S. Supreme Court Justice. Second, even if the webpages do suggest an association, vacatur is warranted only where the undisclosed association is not trivial. *See Applied Indus. Materials Corp.*, 492 F.3d at 137 ("[A]rbitrators are not automatically disqualified by a business relationship with the parties before them if both parties are informed of the relationship in advance, *or if they are unaware of the facts but the relationship is trivial*.") (emphasis added). Without more, the fact that F&R listed Judge Rosenbaum on its website with an incomplete vCard suggests, at most, only a trivial connection between them. Given that Petitioner has no other evidence of an association between F&R and Judge Rosenbaum and that the evidence of a connection between F&R and Respondent is also weak, vacatur based on evident partiality is clearly unwarranted.[3]

For the foregoing reasons, Petitioner's Request for an Indicative Ruling is **DENIED**.[4]

**IT IS SO ORDERED.**

|   |   | -- | : | -- |
|---|---|---|---|---|
|   | Initials of Deputy Clerk |   | Bea |   |

---

[3] In its Opposition, Respondent asks that we sanction Petitioner for bringing a frivolous motion. We decline to do so. There is insufficient evidence for us to find that Petitioner or his counsel filed this Request in bad faith or in a reckless manner.

[4] Petitioner asks, in the alternative, for an opportunity to conduct discovery on the relationship between Judge Rosenbaum, Respondent, and F&R. Petitioner's current evidence is not strong enough to suggest that discovery would be appropriate. Accordingly, the Request is **DENIED** on that ground as well.